**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
                               :
RENU GUPTA,                    :
                               :
          Plaintiff,           :
                               :     Civil Case No.
v.                             :
                               :     3:98CV2153(AWT)
CITY OF NORWALK,               :
                               :
          Defendant.           :
                               :
-------------------------------x
```

### ORDER RE PLAINTIFF'S MOTION FOR A NEW TRIAL

For the reasons set forth below, the plaintiff's Motion for a New Trial (Doc. No. 112) is hereby GRANTED.

The plaintiff moves for a new trial on the issue of damages only on the plaintiff's Second Cause of Action, i.e., the claim for retaliation for the exercise of her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("the FMLA"). "For a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." Manley v. Ambase Corp., 337 F.3d 237, 245 (2d Cir. 2003) (internal quotation marks and citations omitted).

The jury was instructed that the plaintiff made only two contentions as to retaliation against her for exercising her

rights under the FMLA, namely, that the defendant had retaliated against her: (1) by treating her adversely with respect to the terms and conditions of her employment, and (2) by constructively discharging her. The verdict form reflected these two contentions, and it limited the jury to awarding "damages for suspension" and/or "back pay."

    The jury found that the defendant retaliated against the plaintiff for exercising her rights under the FMLA and that the defendant had not proved its special defense. Although it concluded the defendant unlawfully retaliated against the plaintiff, the jury awarded the plaintiff no damages on the FMLA retaliation claim, even though it awarded damages for suspension on the plaintiff's Section 1983 procedural due process claim; the jury awarded no damages for back pay. In light of its conclusion with respect to retaliation, under the circumstances a reasonable jury would most likely have concluded that the suspension without pay constituted adverse treatment with respect to the terms and conditions of employment, and the only possible rationale for not awarding damages would be that the jury concluded that retaliation was not a proximate cause of the damages for suspension. Given the absence of evidence as to passage of time and/or any intervening event, the court can not discern a basis for a rational inference in support of that conclusion.

    The defendant argues that the court should interpret the jury's action as reflecting a conclusion that the plaintiff had

failed to meet its burden of proving damages, but such a conclusion is inconsistent with the fact that the jury awarded damages for suspension with respect to the plaintiff's Section 1983 procedural due process claim. Thus the jury could not have concluded that the plaintiff failed to prove the amount of damages for the suspension.

Based on the foregoing, the court concludes that the jury's answers to the interrogatories cannot be harmonized rationally and a new trial on damages for the Second Cause of Action is appropriate. See <u>Crockett v. Long Island R.R.</u>, 65 F.3d 274-278 (2d Cir. 1995) ("If the jury's answers cannot be harmonized rationally, the judgment must be vacated and a new trial ordered.") (internal quotation marks and citation omitted).

It is so ordered.

Dated this 30th day of March 2007 at Hartford, Connecticut.

                                                /s/AWT
                                        Alvin W. Thompson
                                  United States District Judge